$400



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON<br>316 Covered Bridge Road<br>King of Prussia, PA 19406<br><br>       Plaintiff<br>  v.<br><br>MARK D. GUIDUBALDI & ASSOCIATES LLC DBA PROTECTION LEGAL GROUP LLC, and MARK D. GUIDUBALDI, ESQ.<br>1821 Walden Office Square, Suite 400, Schamburg, Illinois 60173<br><br>CORPORATE BAILOUT, LLC DBA CORPORATE RESTRUCTURE LLC<br>Process Fulfillment at 100 Charles Ewing Blvd., Ste. 160, Princeton South Corporate Center, Ewing, New Jersey 08628 and<br><br>SANFORD J. FEDER, ESQ.<br>331 Newman Springs Road, Suite 143, Red Bank, New Jersey 07701.<br><br>and Does 1-100, inclusive<br><br>       Defendants | Civil Action No. **17 2367** |

## COMPLAINT:

This is an action brought by Plaintiff JAMES EVERETT SHELTON for damages, statutory damages, punitive damages, sanctions, interest, court costs, and injunctive relief under rights pursuant to Federal Statute 47 U.S.C. 227, and 47 C.F.R. 64 ("Federal Question" Jurisdiction). Plaintiff brings this action for the *ultra vires* illegal actions and deliberate and knowing tortious activity of the Defendants, MARK D. GUIDUBALDI & ASSOCIATES DBA PROTECTION LEGAL GROUP ("PLG"), CORPORATE BAILOUT LLC DBA CORPORATE RESTRUCTURE LLC ("Corporate Bailout"), SANFORD J.

FEDER, Esq. ("Feder"), MARK D. GUIDUBALDI, Esq. (Guidubaldi), and DOES 1 through 100, inclusive, in negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales Calls"), by utilizing an Automatic Telephone Dialing System ("RoboCalls") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. Plaintiff demands a trial by jury, and complains and alleges as follows:

## PARTIES:

1. The Plaintiff in this case is James Everett Shelton, a natural person residing at 316 Covered Bridge Road, King of Prussia, PA 19406. He received the alleged phone calls on his private mobile telephone line, (484) 626-3942, mentioned herein.

2. Defendant Mark D. Guidubaldi & Associates, LLC, d/b/a Protection Legal Group, LLC ("PLG"), is an Illinois limited liability company with a principal place of business in Schaumburg, Illinois. The members of PLG at the time of this action are citizens of Illinois and New Jersey. PLG may be served via its registered agent at 1259 N. Wood Street, Apt. 101, Chicago, Illinois 60622.

3. Defendant Corporate Bailout, LLC ("Corporate Bailout"), also doing business as Corporate Restructure, LLC, is a New Jersey limited liability company with a principal place of business in Somerville, New Jersey. The members of Corporate Bailout at the time of this action are citizens of New Jersey. Corporate Bailout may be served via its registered agent, Process Fulfillment at 100 Charles Ewing Blvd., Ste. 160, Princeton South Corporate Center, Ewing, New Jersey 08628. Upon information and believe, Plaintiff alleges that Corporate Bailout is the alter ego and/or the same entity as PLG.

4. Defendant Sanford J. Feder, Esq. is an attorney who is a resident and citizen of the State of New Jersey, with his primary business location being 331 Newman Springs Road, Suite 143, Red Bank,

New Jersey 07701. At all times material hereto, Mr. Feder was a director, executive, and/or Officer of Company.

5. Defendant, Mark D. Guidubaldi, Esq. is an attorney who is a resident and citizen of the State of Illinois, with the primary business location being 1821 Walden Office Square, Suite 400, Schaumburg, Illinois 60173. At all times material hereto, Mr. Guidubaldi was a director, executive, and/or Officer of Company.

6. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 100, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

7. At all times herein mentioned, the Defendants were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

8. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

### I. Jurisdiction and Venue

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that Defendant conducts business in, and a substantial part of the events giving rise to plaintiff's claims occurred

in, Pennsylvania's Montgomery County, which lies within this judicial district, pursuant to 28 U.S.C. §118. Plaintiff has a permanent mailing address of 316 Covered Bridge Road, King of Prussia, PA 19406. Plaintiff's telephone number is also registered under a Pennsylvania area code "484". Also, see *Lary V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013.), a Federal Telephone Consumer Protection Act case, which held that "venue is proper in the district where [plaintiff] resides because the injury did not occur when the facsimile was sent… ; it occurred when the [facsimile] was received.

## Factual Allegations:

11. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state: a.) a valid injury in fact, b.) which is traceable to the conduct of the defendants, and c.) and is likely to be redressed by a favorable judicial decision. See, Spokeo, Inc. v. Robins, 578 U.S. ___ (2016) at 6, and Lujan v. Defenders of Wildlife, 504 U.S. 555 at 560. 29."

12. On February 9th, 2017, Plaintiff received the first of multiple "RoboCall" solicitations by Defendants and/or their agents at Plaintiff's personal mobile telephone, 484-626-3942. Plaintiff had not consented to this solicitation.

13. The incoming call displayed caller identification showing 401-213-8082 and upon answering, Plaintiff heard a pre-recorded message about how the Company could negotiate with Plaintiff's "creditors" to reduce Plaintiff's purported "payments" to merchant cash advance and/or business loan companies.

14. The unsolicited telephone call was placed to Plaintiff's personal mobile telephone number and utilized an "automatic telephone dialing system" to transmit a message, as prohibited by 47

U.S.C. § 227(b)(1)(B).

15. Plaintiff understood that the call was a "Robocall" made by an Automatic Telephone Dialing System because there was a delay before an agent answered the phone, and Plaintiff heard a "pop" before being connected with the agent. Plaintiff also heard a pre-recorded message.

16. Plaintiff pays for each incoming and outgoing call on his telephone under an unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

17. Plaintiff's telephone number was on the National Do-Not-Call registry for over one (1) year prior to this illegal unsolicited call.

18. Plaintiff has never taken out a business loan or "merchant cash advance", so he was confused about why he was receiving a call about such services.

19. Plaintiff spoke to an agent that answered and said he was an employee of "Corporate Bailout".

20. Plaintiff was not interested in Defendant's services and asked not to receive any more calls. Immediately thereafter, the agent disconnected the call.

21. Plaintiff received another robocall on February 14, 2017 from Defendant. Plaintiff heard a pre-recorded message. Plaintiff's caller ID read 951-462-4489.

22. Plaintiff spoke with an agent, "Keven", who once again confirmed corporate identity, this time via e-mail.

23. Plaintiff then responded by e-mail to the defendants at 6:22 PM on February 14, 2017, demanding to have his number placed on the Company's Do-Not-Call list, and requesting to receive a written copy of the defendant's Do-Not-Call policy.

24. Plaintiff received no response to the e-mail. The Defendants did not comply with his requests.

25. On March 7, 2017, Plaintiff received yet another call from "Jeanette" from "Corporate Restructure" at 5:52 PM. Plaintiff's caller ID read 800-850-6496. Plaintiff again requested to receive an e-mail from defendants, so he could confirm corporate identity. Shortly thereafter,

"Jeanette" sent an e-mail to Plaintiff.

26. On March 8 at 11:28 AM, Plaintiff sent another cease and desist e-mail to the defendants, once again demanding to be placed on Company's Do-Not-Call list, and requesting to receive a written copy of Defendant's Do-Not-Call policy. Plaintiff received no response.

27. Plaintiff then called defendant Sanford J. Feder, Esq., an attorney in charge of Company, informing Mr. Feder that Plaintiff had a TCPA claim for statutory damages. Mr. Feder provided Plaintiff with his e-mail address and asked Plaintiff to send him an e-mail so they could further discuss the matter.

28. On March 10, 2017, Plaintiff communicated by e-mail with Mr. Feder, requesting a settlement in the amount of $1,000 as full release of all claims.

29. On March 24, 2017, Plaintiff received a call from Thomas A. Rogus, Esq., an attorney representing Defendants. Mr. Rogus said that the Defendants agreed to settle all claims for $1,000, and e-mailed Plaintiff a release agreement.

30. Plaintiff signed and returned the release agreement by e-mail to Mr. Rogus on March 27, 2017.

31. Plaintiff did not receive the settlement payment from the Defendants within five (5) days, as specified in the Settlement Agreement.

32. Plaintiff continued to receive more telemarketing calls from defendants. Plaintiff received two more calls from the Defendants on April 10, and his caller ID read 435-383-4018 and 732-201-6406, respectively. Plaintiff had not consented to these solicitations. Plaintiff spoke with an agent, "Kris" who sent Plaintiff an e-mail. Plaintiff then responded by e-mail that day, carbon copying Mr. Feder and Mr. Rogus, reminding defendants of the unpaid settlement, informing them of the additional TCPA violations, and once again demanding to be placed on the Company Do-Not-Call list.

33. Despite this e-mail, Plaintiff received two further calls from defendants the following day, April 11, 2017, from the same two numbers as outlined above.

34. Additionally, Plaintiff received a text message from defendant's agent, Kristian Gomez. The text message read:

"Hey Jamie this is Kris from Corp. Restructure just following back up with you about the MCA Contracts and March bankstatment cover up all the info all we need to see is the transactions how its affecting your business so we can show you exactly how much we can save you this is my direct line any questions just let me know."

35. On Saturday, April 29, 2017 Plaintiff received *another* call from the defendants. Plaintiff was personally familiar with the defendant's agent with whom he was connected- Jerome McCarthy, a New Jersey man who previously worked for another "business loan" telemarketing company, Capital Advance Solutions, LLC.

36. Plaintiff's caller identification read 732-769-8028. When Plaintiff called the number back, the call went to voicemail. Plaintiff heard the following:

"Yes, you've reached Jerome McCarthy with Corporate Restructure. I'm away from my desk at this time. If you'd like to try my direct cell phone number, my number is 609-408-1941. I look forward to speaking with you later, and have a great day."

37. On May 1, 2017, Plaintiff agreed to a revised settlement agreement with defendants for an additional payment of $1,250, meaning that defendants would owe Plaintiff a total of $2,250 as full and final settlement of all claims. Plaintiff returned the signed settlement agreement by e-mail to Mr. Rogus the same day, May 1.

38. Pursuant to the settlement agreement, payment was to be made within five (5) days.

39. Once again, Plaintiff never received the settlement check, despite numerous demands, which

were to no avail. Thus, Plaintiff advised defense counsel that the settlement agreement(s) were voided by virtue of the defendant's willful failure to pay the settlement to Plaintiff, and that Plaintiff would file the instant lawsuit.

40. Despite demand, Defendants repeatedly failed to place Plaintiff's telephone number on Company's internal Do-Not-Call list.

41. Plaintiff alleges the Defendants do not have adequate or bona fide TCPA or "Do-Not-Call" internal regulations, policies, or procedures.

42. Plaintiff alleges Defendants do not maintain a Do-Not-Call policy, and further alleges that at no time did he receive a copy of Company's Do-Not-Call policy. If one does exist, Defendants do not make it available for consumers to read at their request.

43. These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

44. Plaintiff did not provide any one, more, or all Defendants, nor any agent of Defendants, prior express written consent, or any other form of consent, express or implied, to cause Plaintiff to receive telephone calls for sales purposes on his personal mobile telephone. Plaintiff never provided his contact information to Company on an inquiry form, online or otherwise.

45. Plaintiff had no prior business relationship with any one, more, or all of Defendants.

46. The RoboCalls and sales calls violated various portions of 47 U.S.C. § 227 and 47 CFR § 64.1200.

### First Cause of Action

(Negligent Violation of the TCPA "Sales Call" Prohibition, 47 U.S.C. § 227 et seq.)

47. Plaintiff incorporates and re-alleges, as though fully set forth herein, each of the paragraphs

above.

48. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C.§ 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

49. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Second Cause of Action

(Knowing and/or Willful Violation of the TCPA "Sales Call" Prohibition, 47 U.S.C. § 227 et seq.)

50. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

51. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

52. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Third Cause of Action

(Negligent Violation of the TCPA "RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

53. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above

54. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227, et. seq., Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the private right of action.

### Fourth Cause of Action

(Knowing and/or Willful Violation of the TCPA "RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

55. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above

56. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227, et. seq., Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the private right of action.

### Fifth Cause of Action
(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

57. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

58. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Sixth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

59. Plaintiff incorporates and re-alleges, as though fully set forth herein, each of the paragraphs above.

60. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Seventh Cause of Action
(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

61. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

62. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the

implied private right of action.

### Eighth Cause of Action

(Knowing and/or Willful Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

63. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

64. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Ninth Cause of Action

(Trespass to Chattel)

65. Defendants and Defendants' agents conduct of telemarketing constituted an electronic trespass to Plaintiff's private mobile telephone. This trespass was significant and substantial in duration in that Defendants' trespass illegally deprived Plaintiff of the use and enjoyment of his telephone for lawful purposes. Plaintiff has been damaged in an amount to be determined according to proof at trial.

66. At no time did Plaintiff consent to this trespass.

67. Defendants' trespass was done with oppression and malice, in that Defendants sent their illegal message intentionally, in actual awareness of its illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

### Tenth Cause of Action

(Conversion)

68. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs

above.

69. Defendants and Defendants' agents conduct of telemarketing constituted a conversion of Plaintiff's private mobile telephone. This conversion was significant and substantial in duration in that Defendants' conversion illegally deprived Plaintiff of the use and enjoyment of his telephone for lawful purposes

70. Plaintiff is therefore entitled to the entire value of his telephone and service, in an amount to be determined according to proof at trial.

71. At no time did Plaintiff consent to this conversion.

72. Defendants' conversion was done with oppression and malice, in that Defendants sent their illegal message intentionally, in actual awareness of its illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring, and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

**WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**

### I. Prayer for Relief

On Causes of Action 1-8:

    **1.** For awards of $500 for each negligent violation as set forth in actions 1-8;

    **2.** For awards of $1,500 for each knowing and/or willful violation as set forth in actions 1-8.

    **3.** Injunctive relief against Defendants, and each of them, to prevent future wrongdoing;

Total statutory damages: **$48,000** (Eight Counts Each of: Sales Call (text message), Robocall,

Failure to Place Number on the Do-Not-Call List, and Failure to Provide Company's Do-Not-Call Policy, total of Eight Violations at $6,000 per violation)

For Causes of Action 9-10:

4. Compensatory, general, incidental, and consequential damages according to proof;

5. Punitive damages according to proof;

For All Causes of Action:

6. Punitive damages to punish Defendants for their willful, illegal, and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

7. Prejudgment interest at the maximum legal rate;

8. Costs of suit herein incurred; and

9. All such other and further relief as the Court deems proper.

## II. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: 5/24/2017

*signature: Jamie E Shelton*

James Everett Shelton
*Plaintiff, Pro Se*
316 Covered Bridge Road
King of Prussia, PA 19406
(484) 626-3942
jamieshelton66@yahoo.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 316 Covered Bridge Road, King of Prussia, PA 19406

Address of Defendant: 1821 Walden Office Square, Suite 400, Schamburg, Illinois 60173

Place of Accident, Incident or Transaction: By phone call to my private telephone
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. X All other Federal Question Cases
   (Please specify) Federal Telephone Consumer Protection Act

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, James Everett Shelton, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE: 5/24/2017        James Everett Shelton,                                              PLAINTIFF PRO SE
                                Attorney-at-Law                                                      Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/24/2017        James E Shelton                                                       PLAINTIFF PRO SE
                                James Everett Shelton
                                Attorney-at-Law    PRO SE                                     Attorney I.D.#

CIV. 609 (5/2012)



### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JAMES EVERETT SHELTON | : | CIVIL ACTION |
| v. | : | |
| PROTECTION LEGAL GROUP, LLC | : | NO. **17 2367** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)



| 5/24/2017 | James Everett Shelton | PLAINTIFF PRO SE |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (484) 626-3942 | | jamieshelton66@yahoo.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JAMES EVERETT SHELTON
316 COVERED BRIDGE ROAD
KING OF PRUSSIA, PA 19406

**(b)** County of Residence of First Listed Plaintiff  **MONTGOMERY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JAMES EVERETT SHELTON, PLAINTIFF PRO SE
316 COVERED BRIDGE ROAD
KING OF PRUSSIA, PA 19406, (484) 626-3942

### DEFENDANTS
PROTECTION LEGAL GROUP, LLC
1821 WALDEN OFFICE SQUARE, SUITE 400
SCHAMBURG, IL 60173

County of Residence of First Listed Defendant  **COOK**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
THOMAS A. ROGUS, ESQ.
211 W. WACKER DRIVE SUITE 300
CHICAGO, IL 60606

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | **SOCIAL SECURITY** | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☒ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Telephone Consumer Protection Act, 47 U.S. Code § 227 et seq., and 47 C.F.R. § 64.1200 et seq.
Brief description of cause:
Defendants called Plaintiff on his private telephone in violation of the FTCPA and related claims.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 48,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 05/24/2017
SIGNATURE OF ATTORNEY OF RECORD  *James E. Shelton*

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE